UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN BONNELL,<br><br>     Plaintiff,<br><br>       v.<br><br>TITEFLEX CORPORATION ET AL,<br><br>     Defendants. | CIVIL ACTION NO:  3:10-cv-00348 (VLB)<br><br><br><br>May 5, 2010 |

## ANSWER

Defendants Titeflex Corporation, Flexible Technologies Inc., Smiths Group North America, Inc., or Smiths Group Americas LLC, the Titeflex Corporation Severance Pay Policy, the Flexible Technologies Severance Pay Plan, and the Smiths Group North America, Inc. Severance Pay Plan, in answer to the Complaint, plead as follows:

1.      In response to the allegations of Paragraph 1 of the Complaint, Defendants admit that Plaintiff claims to bring this action pursuant to the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §§ 1001 *et seq.*, ("ERISA").  Defendants deny that Plaintiff's claims relate to any vested benefits under the terms of any employee welfare benefit plan (as that term is defined by Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Defendants deny that Bonnell is or was a participant in any employee benefit

plan sponsored or maintained by Defendants Flexible Technologies Inc. ("Flexible Technologies"), Smiths Group North America, Inc. ("Smiths North America"), or Smiths Group Americas LLC ("Smiths Americas"), including but not limited to any welfare benefit plan providing severance benefits. Defendants deny that Bonnell has been denied any benefit to which he was, is, or may become eligible under the terms of any employee benefit plan sponsored or maintained by Titeflex Corporation, Flexible Technologies Inc., Smiths Group North America, Inc., or Smiths Group Americas LLC (collectively, the "Company Defendants"). Defendants deny that Bonnell is entitled to damages from any of the Defendants with respect to any claims arising under state law, including but not limited to any claims alleged to arise as the result of any promises and misrepresentations allegedly made to Bonnell. Defendants admit that the Complaint seeks, *inter alia*, economic damages and declaratory judgment.

## I.  JURISDICTION AND VENUE

2.    In response to the allegations of Paragraph 2 of the Complaint, Defendants admit that this Court has jurisdiction over the claims asserted in the Complaint pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331. Defendants deny any remaining allegations of Paragraph 2 of the Complaint.

3.    In response to the allegations of Paragraph 3 of the Complaint, Defendants admit that venue for this action lies in this district.  Defendants deny any remaining allegations of Paragraph 3 of the Complaint.

## II.  PARTIES

4.      Upon information and belief, Defendants admit the allegations of paragraph 4 of the Complaint.

5.      In response to the allegations of Paragraph 5 of the Complaint, Defendants admit that Titeflex Corporation ("Titeflex") is a corporation incorporated in the State of Connecticut and that Titeflex's principal place of business is in Springfield, Massachusetts. Defendants admit that Titeflex sponsors Titeflex Corporation Severance Pay Policy, an employee welfare benefit plan providing severance benefits to certain of Titeflex's employees.  Defendants deny the remaining allegations of Paragraph 5 of the Complaint.

6.      In response to the allegations of Paragraph 6 of the Complaint, Defendants admit that Flexible Technologies, Inc. is a Delaware corporation, with its principal place of business in Abbeville, South Carolina. Defendants admit that Flexible Technologies sponsors the Flexible Technologies Severance Pay Plan (the "Flexible Technologies Plan"), an employee welfare benefit plan providing severance benefits to certain employees of Flexible Technologies.  Defendants deny the remaining allegations of Paragraph 6 of the Complaint.

7.      Defendants deny the allegations of paragraph 7 of the Compliant.

8.      In response to the allegations of Paragraph 8 of the Complaint, Defendants admit that the Complaint identifies defendants Titeflex Corporation, Flexible Technologies, Smiths North America and Smiths North America as the "Company Defendants," and that it identifies the severance plans

named as defendants in the Complaint as the "Plans." Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

9.     In response to the allegations of Paragraph 9 of the Complaint, Defendants admit that the Company Defendants are and/or were related entities, and indirect, wholly-owned subsidiaries of Smiths Group, PLLC, and admit that Bonnell's letter offering employment with Titeflex was sent on letterhead stationary bearing the Smiths Group. Defendants deny the remaining allegations of paragraph 9 of the Complaint.

### III.  ALLEGATIONS OF FACT

10.     In response to the allegations of Paragraph 10 of the Complaint, Defendants admit that the process through which Bonnell was ultimately hired by Titeflex began in 2005. Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11.     In response to the allegations of Paragraph 11 of the Complaint, Defendants admit that the person with whom Bonnell conducted the majority of his communications leading to Bonnell's employment with Titeflex was Robert Burns. Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

12.     In response to the allegations of Paragraph 12 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 12 of the Complaint and therefore deny the same.

13.     In response to the allegations of Paragraph 13 of the Complaint, Defendants admit that the offer letter to Mr. Bonnell advised him that he would receive six months "pay in lieu of notice" in the event that his employment with Titeflex as terminated under certain conditions. Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14.    In response to the allegations of Paragraph 14 of the Complaint, Defendants admit that the terms of the offer letter state that he would receive six months "pay in lieu of notice" in the event that his employment with Titeflex as terminated under certain conditions.  Defendants deny that the allegations of Paragraph 14 of the Complaint accurately reflect the terms of Bonnell's offer letter.  Defendants further respond to the allegations of Paragraph 14 of the Complaint that Bonnell has been an amount (less applicable tax withholding) representing six months of Bonnell's salary at the time of his termination of employment.  Defendants deny the remaining allegations of Paragraph 14 of the Complaint.

15.    In response to the allegations of Paragraph 15 of the Complaint, Defendants admit that the terms of the offer letter state called for Bonnell to provide six months' notice in the event he terminated employment under certain conditions. Defendants deny that the allegations of Paragraph 15 of the Complaint accurately reflect the terms of Bonnell's offer letter.   Defendants deny the remaining allegations of Paragraph 15 of the Complaint.

16.    Defendants deny the allegations of Paragraph 16 of the Complaint.

17.    In response to the allegations of Paragraph 17 of the Complaint, Defendants respond that that the terms of the offer letter speak for themselves. Defendants deny that the allegations of Paragraph 17 of the Complaint accurately reflect the terms of Bonnell's offer letter.   Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18.    In response to the allegations of Paragraph 18 of the Complaint, Defendants deny that the allegations of paragraph 18 accurately state the intent of Mr. Burns.  Defendants further deny that the intent of Mr. Burns' is or was at all relevant to any claim raised in this case.   Defendants deny that Burns was authorized or empowered to amend or otherwise modify the terms of any of the employee welfare benefit plans sponsored or maintained by any of the Company Defendants.   Defendants further denied that the terms of Bonnell's offer letter were sufficient to alter the terms (including the terms regarding eligibility for participation and benefits) under any of the welfare benefit plans sponsored by any of the Company Defendants.   Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19.    In response to the allegations of Paragraph 19 of the Complaint, Defendants deny that Burns' intent was to provide Bonnell with the ability obtain benefits under the Titeflex Plan that conflict with the written terms of the Titeflex Plan's governing documents.  Upon information and belief, the terms of the offer letter were intended to describe the benefits which might have become available to Bonnell in the event of his termination of employment.   Defendants further response that Bonnell has been paid an amount equal to six months of his salary (less applicable withholding) at the time of his termination.  To the extent the Complaint alleges that Burns' intent was to create a situation in which Bonnell could receive benefits pursuant to the "pay in lieu of notice" provision in his offer letter in addition to the benefits available under the Titeflex Plan, such an act would be

ultra vires and prohibited by applicable law.  Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.    In response to the allegations of Paragraph 20 of the Complaint, Defendants deny that Burns made any representations to Bonnell that were contrary to the terms of the Titeflex Plan.   Defendants deny the remaining allegations of Paragraph 20 of the Complaint.

21.    In response to the allegations of Paragraph 21 of the Complaint, Defendants admit that Titeflex made an offer of employment to Bonnell, and that Bonnell accepted that offer on or about March 18, 2005.  Defendants admit that Bonnell was employed in a management capacity with Titeflex.  Defendants admit that Bonnell's offer letter was signed by Robert Burns, and was on letterhead bearing a Smiths group logo.  Defendants respond that the terms of the letter speak for themselves.  Defendants deny the remaining allegations of Paragraph 21 of the Complaint.

22.    In response to the allegations of Paragraph 21 of the Complaint, Defendants respond that the terms of the letter speak for themselves. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23.    In response to the allegations of Paragraph 23 of the Complaint, Defendants respond that the terms of the letter speak for themselves. Defendants admit that Bonnell's offer letter provided that Bonnell would be eligible to participate in the Smiths Group Incentive Plan.  Defendants deny that this provision implies or suggests that Bonnell was an employee of Smiths Americas or Smiths North America.   Defendants deny the remaining allegations of Paragraph 23 of the Complaint.

24.    In response to the allegations of Paragraph 24 of the Complaint, Defendants respond that the terms of the letter speak for themselves.  Defendants admit that Bonnell's offer letter also provided that Bonnell would be eligible for a car.  Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25.    In response to the allegations of Paragraph 25 of the Complaint, Defendants respond that the terms of the letter speak for themselves.  Defendants admit that Bonnell's offer letter stated that Bonnell was eligible to participate in any "normal" employee benefit offered by the Titeflex Corporation.  Defendants deny that this provision was sufficient to alter or amend the terms of the Titeflex Plan, or to entitle Bonnell to any benefit under the terms of the Titeflex Plan contrary to the terms of that plan's written terms.  Defendants deny the remaining allegations of Paragraph 25 of the Complaint.

26.    In response to the allegations of Paragraph 26of the Complaint, Defendants respond that the terms of the letter speak for themselves.  Defendants admit that Bonnell's offer letter provided "[i[n the

event of your intention to resign or retire, the company will require six months written notice from you. You will be entitled to receive six months written notice from the company or base salary in lieu of thereof, except if termination is for cause . . . ." Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27.     In response to the allegations of Paragraph 27 of the Complaint, Defendants admit that Bonnell signed the offer letter on or about March 18, 2005. Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

28.     In response to the allegations of Paragraph 28 of the Complaint, Defendants deny that Bonnell's offer letter was, or varied from, any so-called "standard letter." Defendants admit that Burns' offer letter contained language similar to that in Bonnell's offer letter. Defendants further respond that Burns' severance was consistent with the terms of the Titeflex Plan and the terms of his offer letter. Defendants deny that any of the terms of Burns' severance would justify Bonnell's claim for benefits under the Titeflex Plan (or under the terms of either of the other Plans). Defendants deny the remaining allegations of Paragraph 28 of the Complaint.

29.     The allegations of paragraph 29 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants respond that the administrator of the Titeflex Plan determined that Bonnell's employment was pursuant to a contract of employment that included a provision for severance pay. Defendants deny that the administrator's decision in this regard

constituted an abuse of discretion. Defendants deny any remaining allegations of paragraph 29 of the Complaint.

30.    In response to the allegations of Paragraph 30 of the Complaint, Defendants respond that the administrator of the Titeflex Plan determined that Bonnell's employment was pursuant to a contract of employment that included a provision for severance pay that rendered him ineligible for benefits under the Titeflex Plan. Defendants further respond that administrators of the other Plans determined that Bonnell's employment was pursuant to a contract of employment that included a provision for severance pay that would have rendered him ineligible for benefits under either of those plans. Defendants deny that either of the administrators' decisions in this regard constituted abuse of discretion. Defendants deny any remaining allegations of paragraph 30 of the Complaint. Defendants deny the remaining allegations of Paragraph 30 of the Complaint.

31.    In response to the allegations of Paragraph 31 of the Complaint, Defendants deny that the allegations of Paragraph 31 of the Complaint are relevant to any claim or defense in this case, that they require a response, and as such they should be struck. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 31 of the Complaint.

32.    In response to the allegations of Paragraph 32 of the Complaint, Defendants admit that, among others, Plaintiff answered to Mitch Rogers, President of Flexible Solutions, a Division of Smiths Group, PLLC. Defendants

deny the remaining allegations of Paragraph 32 of the Complaint.

33.    Defendants deny the allegations of paragraph 33 of the Complaint. Defendants deny that Plaintiff was an employee (full-time or otherwise) of Flexible Technologies, Smiths Americas, or Smiths North America.  Defendants deny the remaining allegations of Paragraph 33 of the Complaint.

34.    In response to the allegations of Paragraph 34 of the Complaint, Defendants deny that the allegations of paragraph 34 of the Complaint accurately or completely describe the performance review Bonnell received in or about June of 2007.  Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 34 of the Complaint regarding what Bonnell understood, and therefore deny the same.   Defendants deny the remaining allegations of Paragraph 34 of the Complaint.

35.    In response to the allegations of Paragraph 35 of the Complaint, Defendants deny that the allegations of paragraph 35 of the Complaint accurately or completely describe the performance review Bonnell received in or about October of 2008.  Defendants deny the remaining allegations of Paragraph 35 of the Complaint.

36.    In response to the allegations of Paragraph 36 of the Complaint, Defendants admit that Bonnell was provided with an access badge to permit him access to Flexible Technologies' Abbeville, South Carolina, facilities.  Defendants deny that Bonnell was ever employed by Flexible Technologies, and deny that the provision of such an access badge represented anything to the contrary.   Defendants deny the

remaining allegations of Paragraph 36 of the Complaint.

37.     In response to the allegations of Paragraph 37 of the Complaint, Defendants deny that Bonnell was ever a Vice President with any of the Company Defendants.   Defendants admit that Bonnell's employment with Titeflex was terminated on or about May 26, 2009.   Defendants deny the remaining allegations of Paragraph 37 of the Complaint.

38.     In response to the allegations of Paragraph 38 of the Complaint, Defendants admit that Bonnell was advised by letter from Andrew Foy, then Vice President for Human Resources for Smiths Group, that his employment with Titeflex was terminated.  Defendants deny the remaining allegations of Paragraph 38 of the Complaint.

39.     In response to the allegations of Paragraph 39 of the Complaint, Defendants respond that the letter speaks for itself. Defendants admit that the letter advising Bonnell of his termination stated that Bonnell would be provided with, *inter alia*, six months base salary.  Defendants deny the remaining allegations of Paragraph 39 of the Complaint.

40.     In response to the allegations of Paragraph 40 of the Complaint, Defendants respond that the letter speaks for itself. Defendants respond that the letter speaks for itself.  Defendants admit that the letter advising Bonnell of his termination stated that Bonnell would be provided with, *inter alia*, enhanced separation benefit in exchange for a release of claims. Defendants deny the remaining allegations of Paragraph 40 of

12

the Complaint.

41.      In response to the allegations of Paragraph 41 of the Complaint, Defendants respond that the letter speaks for itself.  Defendants admit that the letter advising Bonnell of his termination did not discuss Bonnell's eligibility for benefits under the Titeflex Plan (or the other Plans).  Defendants admit that the letter advising Bonnell of his termination of employment used the term "salary continuation."  Defendants further respond that the administrators of each of the Plans determined that the payments to Bonnell constituted the type of severance benefits that would render him ineligible for benefits under the terms of their respective Plans.    Defendants deny that any of these determinations constituted an abuse of the discretion vested in the administrator.  Defendants deny the remaining allegations of Paragraph 41 of the Complaint.

42.      In response to the allegations of Paragraph 42 of the Complaint, Defendants admit that nothing in the letter advising Bonnell of the termination of his employment states that he was terminated for cause or for performance-related reasons.  Defendants admit that Bonnell was advised that his employment was terminated as part of a restructuring at Titeflex.  Defendants deny the remaining allegations of Paragraph 42 of the Complaint.

43.      In response to the allegations of Paragraph 43 of the Complaint, Defendants admit that the Titeflex Plan was and is in effect.  Defendants deny the remaining allegations of Paragraph 43 of the Complaint.

44.      In response to the allegations of Paragraph 44 of the Complaint, Defendants respond that the terms of the Titeflex Plan speak for themselves.

Defendants deny that the allegations of Paragraph 44 accurately or completely reflect the terms of the Titeflex Plan.  Defendants deny the remaining allegations of Paragraph 44 of the Complaint.

45.     In response to the allegations of Paragraph 45 of the Complaint, Defendants respond that the terms of the Titeflex Plan speak for themselves. Defendants deny that the allegations of Paragraph 45 accurately or completely reflect the terms of the Titeflex Plan.  Defendants deny the remaining allegations of Paragraph 45 of the Complaint.

46.     In response to the allegations of Paragraph 46 of the Complaint, Defendants respond that the terms of the Titeflex Plan speak for themselves. Defendants deny that the allegations of Paragraph 46 accurately or completely reflect the terms of the Titeflex Plan.  Defendants further respond to the allegations of paragraph 46 of the Complaint that Bonnell was provided a release, and that Bonnell refused and/or failed to execute such release during the time period afforded to him to do so.  Defendants deny the remaining allegations of Paragraph 46 of the Complaint.

47.     In response to the allegations of Paragraph 47 of the Complaint, Defendants respond that the terms of the Titeflex Plan speak for themselves. Defendants deny that the allegations of Paragraph 47accurately or completely reflect the terms of the Titeflex Plan.  Defendants deny the remaining allegations of Paragraph 47 of the Complaint.

48.     In response to the allegations of Paragraph 48 of the Complaint, Defendants admit that the Smiths Plan is governed by ERISA.  Defendants deny the

remaining allegations of Paragraph 48 of the Complaint.

49.    In response to the allegations of Paragraph 49 of the Complaint, Defendants admit that Flexible Technologies sponsors the Flexible Technologies Plan, and that the Flexible Technologies Plan is currently in effect.  Defendants deny the remaining allegations of Paragraph 49 of the Complaint.

50.    In response to the allegations of Paragraph 50 of the Complaint, Defendants respond that the terms of the Flexible Technologies Plan speak for themselves.  Defendants deny that the allegations of Paragraph 49 accurately or completely reflect the terms of the Flexible Technologies Plan.  Defendants deny the remaining allegations of Paragraph 50 of the Complaint.

51.    In response to the allegations of Paragraph 51 of the Complaint, Defendants respond that the terms of the Flexible Technologies Plan speak for themselves.  Defendants deny that the allegations of Paragraph 51 accurately or completely reflect the terms of the Flexible Technologies Plan.  Defendants deny the remaining allegations of Paragraph 51 of the Complaint.

52.    In response to the allegations of Paragraph 52 of the Complaint, Defendants respond that the terms of the Flexible Technologies Plan speak for themselves.  Defendants deny that the allegations of Paragraph 52 accurately or completely reflect the terms of the Flexible Technologies Plan.  Defendants deny the remaining allegations of Paragraph 52 of the Complaint.

53.    In response to the allegations of Paragraph 53 of the Complaint, Defendants respond that the terms of the Flexible Technologies Plan speak for

themselves.  Defendants deny that the allegations of Paragraph 53 accurately or completely reflect the terms of the Flexible Technologies Plan.  Defendants deny the remaining allegations of Paragraph 53 of the Complaint.

54.    In response to the allegations of Paragraph 54 of the Complaint, Defendants admit that the Flexible Technologies Plan is governed the Employee Retirement Income Security Act of 1974 ("ERISA").    Defendants deny the remaining allegations of Paragraph 54 of the Complaint.

55.    In response to the allegations of Paragraph 55 of the Complaint, Defendants admit that Smiths North America sponsored the Smiths Plan. Defendants deny the remaining allegations of Paragraph 55 of the Complaint.

56.    In response to the allegations of Paragraph 56 of the Complaint, Defendants respond that the terms of the Smiths Plan speak for themselves. Defendants deny that the allegations of Paragraph 56 accurately or completely reflect the terms of the Smiths Plan.  Defendants deny the remaining allegations of Paragraph 56 of the Complaint.

57.    In response to the allegations of Paragraph 57 of the Complaint, Defendants respond that the terms of the Smiths Plan speak for themselves. Defendants deny that the allegations of Paragraph 57 accurately or completely reflect the terms of the Smiths Plan.  Defendants deny the remaining allegations of Paragraph 57 of the Complaint.

58.    In response to the allegations of Paragraph 58 of the Complaint, Defendants respond that the terms of the Smiths Plan speak for themselves. Defendants deny that the allegations of Paragraph 58 accurately or completely

reflect the terms of the Smiths Plan.  Defendants deny the remaining allegations of Paragraph 58 of the Complaint.

59.    In response to the allegations of Paragraph 59 of the Complaint, Defendants respond that the terms of the Smiths Plan speak for themselves. Defendants deny that the allegations of Paragraph 59 accurately or completely reflect the terms of the Smiths Plan.  Defendants deny the remaining allegations of Paragraph 59 of the Complaint.

60.    In response to the allegations of Paragraph 60 of the Complaint, Defendants respond that the terms of the Smiths Plan speak for themselves. Defendants deny that the allegations of Paragraph 60 accurately or completely reflect the terms of the Smiths Plan.  Defendants deny the remaining allegations of Paragraph 60 of the Complaint.

61.    In response to the allegations of Paragraph 61 of the Complaint, Defendants admit that Bonnell received approximately $160,000 in salary in 2009. Defendants deny the remaining allegations of Paragraph 61 of the Complaint.

62.    In response to the allegations of Paragraph 62 of the Complaint, Defendants respond that the terms of the Smiths Plan speak for themselves. Defendants deny that the allegations of Paragraph 61 accurately or completely reflect the terms of the Smiths Plan.  Defendants deny the remaining allegations of Paragraph 62 of the Complaint.

63.    In response to the allegations of Paragraph 63 of the Complaint, Defendants admit that each of the severance pay plans at issue in this case has claims and appeals procedures.    Defendants deny that the allegations of

Paragraph 63 accurately or completely reflect those procedures.  Defendants deny the remaining allegations of Paragraph 63 of the Complaint.

64.    In response to the allegations of Paragraph 64 of the Complaint, Defendants admit that each of the severance plans at issue in this case has claims and appeals procedures.  Defendants deny that the allegations of Paragraph 64 accurately or completely reflect those procedures.  Defendants deny the remaining allegations of Paragraph 64 of the Complaint.

65.    Defendants deny the allegations of paragraph 65 of the Complaint.

66.    In response to the allegations of Paragraph 66 of the Complaint, Defendants admit that Bonnell requested severance benefits from the Plans. Defendants deny the remaining allegations of Paragraph 66 of the Complaint.

67.    In response to the allegations of Paragraph 67 of the Complaint, Defendants admit that Bonnell's claim for benefits to each of the Plans was denied.  Defendants deny that the allegations of paragraph 67 of the Complaint accurately or complete reflect the reasons for the denial of any of those claims. Defendants deny the remaining allegations of Paragraph 67 of the Complaint.

68.    In response to the allegations of Paragraph 68 of the Complaint, Defendants admit that Bonnell timely appealed the severance plans' administrators' decisions on his claims for benefits under the Plans.  Defendants deny the remaining allegations of Paragraph 68 of the Complaint.

69.    In response to the allegations of Paragraph 69 of the Complaint, Defendants admit that the severance plans' administrators' decisions following

Bonnell's appeals affirmed the denial of his claims for benefits.  Defendants deny the remaining allegations of Paragraph 69 of the Complaint.

70.     In response to the allegations of Paragraph 70 of the Complaint, Defendants admit that Bonnell has exhausted the Plans' claims and appeals procedures.

COUNT I (ERISA – Severance Plan Benefits)

71.     In response to the allegations of Paragraph 71 of the Complaint, Defendants hereby re-allege and incorporate by reference their denials to Paragraphs 1 through 70, as if set forth herein verbatim.

72.     In response to the allegations of Paragraph 72 of the Complaint, Defendants admit that the Plans are employee welfare benefit plans within the meaning of ERISA, 29 U.S.C. §1002(1).   Defendants deny the remaining allegations of Paragraph 72 of the Complaint.

73.     In response to the allegations of Paragraph 73 of the Complaint, Defendants deny that Bonnell was ever an employee of any of the Company Defendants except Titeflex.  Defendants deny that any of the administrators of the Plans failed to comply with the terms of written documents governing those plans.  Defendants deny that any of the Plans abused their discretion in interpreting the terms of their respective plans with respect to Bonnell's claims for benefits.  Defendants deny that Plaintiff is entitled to damages under ERISA, including but not limited to the provisions of 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3).  Defendants deny the remaining allegations of Paragraph 73 of the Complaint.

74.     In response to the allegations of Paragraph 74 of the Complaint, Defendants deny that Bonnell is entitled to benefits under the terms of any of the severance plans sponsored by any of the Company Defendants (including the Plans). Defendants deny the remaining allegations of Paragraph 74 of the Complaint.

COUNT II (Promissory Estoppel)

75.     In response to the allegations of Paragraph 75 of the Complaint, Defendants hereby re-allege and incorporate by reference their denials to Paragraphs 1 through 70, as if set forth herein verbatim.

76.     In response to the allegations of Paragraph 76 of the Complaint, Defendants deny that Robert Burns ("Burns") and/or the Company Defendants made any promise to Bonnell relating to eligibility to participate in any of the severance plans at issue in this case, or regarding the written terms of the those severance plans.  Defendants further respond that reliance on any such alleged promise would be unreasonable as a matter of law.  Defendants deny that Bonnell actually relied on any such alleged promise.  Defendants deny the remaining allegations of Paragraph 76 of the Complaint.

77.     In response to the allegations of Paragraph 77 of the Complaint, Defendants deny that any alleged promise by Burns or the Company Defendants could reasonably induce action on the part of Bonnell.  Defendants further respond that reliance on any such alleged promise would be unreasonable as a matter of law.  Defendants further deny that Bonnell actually relied on any such promise.  Defendants deny the remaining allegations of Paragraph 77 of the Complaint.

78.    In response to the allegations of Paragraph 78 of the Complaint, Defendants deny that Bonnell relied on any alleged promise by Burns and/or the Company Defendants, and deny that any such promise induced action (reasonably or otherwise) on the part of Bonnell.  Defendants further respond that reliance on any such alleged promise would be unreasonable as a matter of law.  Defendants further deny that Bonnell actually relied on any such promise.  Defendants deny the remaining allegations of Paragraph 78 of the Complaint.

79.    In response to the allegations of Paragraph 79 of the Complaint, Defendants deny that Bonnell has been injured by any action or inaction on the part of any of the Defendants.  Defendants deny that Bonnell is entitled to any relief whatsoever in this case.  Defendants deny the remaining allegations of Paragraph 79 of the Complaint.

COUNT IV (Negligent Misrepresentation)

80.    In response to the allegations of Paragraph 80 of the Complaint, Defendants hereby re-allege and incorporate by reference their denials to Paragraphs 1 through 70, as if set forth herein verbatim.

81.    In response to the allegations of Paragraph 81 of the Complaint, Defendants deny that Burns or the Company Defendants made any false statement of fact to Bonnell regarding his eligibility to participate in, and/or his eligibility for benefits under, any severance pay plans sponsored or maintained by the Company Defendants. Defendants deny that Bonnell relied on any such alleged statement of fact by Burns and/or the Company Defendants, and deny

that any such a statement did induce or could have induced Bonnell to act. Defendants further respond that reliance on any such alleged statement would be unreasonable as a matter of law to the extent such an alleged statement conflicted with the written terms of the severance plans at issue in this case. Defendants further deny that Bonnell actually relied on any such statement. Defendants deny the remaining allegations of Paragraph 81 of the Complaint.

82.     In response to the allegations of Paragraph 82 of the Complaint, Defendants deny that Burns or the Company Defendants made any false statement of fact to Bonnell regarding his eligibility to participate in, and/or his eligibility for benefits under, any severance pay plans sponsored or maintained by the Company Defendants. Defendants deny that the Company defendants did know or should have known that any statement made by them or by Burns was untrue at the time such statements are alleged to have been made. Defendants deny the remaining allegations of Paragraph 82 of the Complaint.

83.     In response to the allegations of Paragraph 83 of the Complaint, Defendants deny that Burns or the Company Defendants made any false statement of fact to Bonnell regarding his eligibility to participate in, and/or his eligibility for benefits under, any severance pay plans sponsored or maintained by the Company Defendants. Defendants further deny that such alleged statements induced, or could reasonably have induced, Bonnell to act, including but not limited to his acceptance of employment with Titeflex. Defendants further respond that any reliance on any such alleged statement would be unreasonable as a matter of law to the extent such an alleged

statement conflicted with the written terms of the severance plans at issue in this case.  Defendants deny the remaining allegations of Paragraph 83 of the Complaint.

84.     In response to the allegations of Paragraph 84 of the Complaint, Defendants deny that Burns or the Company Defendants made any false statement of fact to Bonnell regarding his eligibility to participate in, and/or his eligibility for benefits under, any severance pay plans sponsored or maintained by the Company Defendants.  Defendants deny that Bonnell relied on any such alleged statement of fact by Burns and/or the Company Defendants. Defendants further respond that reliance on any such alleged statement would be unreasonable as a matter of law to the extent such an alleged statement conflicted with the written terms of the severance plans at issue in this case. Defendants deny that Bonnell suffered any detriment as the result of any alleged reliance on any statements by Burns and/or the Company Defendants. Defendants deny the remaining allegations of Paragraph 84 of the Complaint.

85.     Defendants deny each and every allegation of the Complaint that is not specifically admitted in this Answer.

86.     Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint's prayer for relief or to any other form of relief whatsoever in this action.

87.     Defendants deny that Plaintiff is entitled to trial by jury on any of his claims.

## FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint fail to state a claim for which this Court may award relief in the form of economic damages, and Plaintiff's demand therefore should be denied and/or struck.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was never an employee of any of the Flexible Technologies, Smiths Americas or Smiths North America, and he was therefore never eligible for benefits under the terms of the severance plans sponsored by those entities.

## THIRD AFFIRMATIVE DEFENSE

The decisions of the administrators of the Plans to deny Plaintiff's claims for severance benefits were neither arbitrary nor capricious, nor were they an abuse of the discretion vested in the decision-maker, and the decisions to deny Plaintiff's claims for benefits were in accordance with the terms of the Plan.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for severance benefits are barred by the terms, conditions, and exclusions of the Plans.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts claims or seeks remedies unrelated to the denial of his claim for benefits, such claims and/or remedies should be dismissed for failure to exhaust applicable administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are governed exclusively by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").  To

the extent that Plaintiff's claims are asserted to arise under state law, those claims are completely preempted by ERISA and must be dismissed.  29 U.S.C. § 1144(a).

### SEVENTH AFFIRMATIVE DEFENSE

While Defendants deny that Plaintiff is entitled to recover any of the benefits or other relief he seeks in this matter, the amount of any benefit available to Plaintiff is limited by the terms of the Plans.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has been paid all of the amounts to which he is or might be entitled in conjunction with the termination of his employment with Titeflex.

### NINTH AFFIRMATIVE DEFENSE

The remedies available to Plaintiff for any act or omission alleged in the Complaint are limited to those afforded by ERISA.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off by amounts the Defendants or their privies have provided as consideration to the Plaintiff as consideration in the Global Release.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's ostensible entitlement to benefits under the terms of any of the Plans would have been conditioned on execution of a release; Plaintiff refused to execute the release provided to him and/or to timely return it; and his claims for benefits are therefore barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants incorporate, as if fully set forth herein, each and every term, limitation, condition, and exclusion of the Plans.

### SIXTEENTH AFFIRMATIVE DEFENSE

None of the Company Defendants is a proper party defendant in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Count I of the Complaint fails to state a claim for which relief can be granted against the Company Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Counts II and III of the Complaint are preempted by ERISA,

### NINETEENTH AFFIRMATIVE DEFENSE

Counts II and III of the Complaint fail to state a claim for which relief can be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's cognizable claims are not subject to trial by jury, and Plaintiff's demand for a jury trial should therefore be denied and/or struck.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as they

may appear.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendants pray that this Court deny Plaintiff's prayer for relief in its entirety and dismiss this action with prejudice.  Defendants further pray that they be awarded their reasonable attorney's fees and costs of this action pursuant to ERISA's fee shifting provision, 29 U.S.C. § 1132(g), and that the Court grant them such other legal or equitable relief to which this Court may find them to be entitled.

DEFENDANTS,

TITEFLEX CORPORATION,
FLEXIBLE TECHNOLOGIES INC.,
SMITHS GROUP NORTH AMERICA, INC.,
SMITHS GROUP AMERICAS LLC,
THE TITEFLEX CORPORATION SEVERANCE PAY POLICY,
THE FLEXIBLE TECHNOLOGIES SEVERANCE PAY PLAN, AND
THE SMITHS GROUP NORTH AMERICA, INC. SEVERANCE PAY PLAN

By their attorney,


/s/ Rachel Reingold Mandel
Rachel Reingold Mandel (ct26938)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Tel. (617) 994-5700
Fax (617) 994-5701

## CERTIFICATION

I hereby certify that a true copy of the foregoing document was sent via electronic and U.S. Mail on May 5, 2010 to the following counsel of record:


Daniel A. Schwartz
Pullman & Comley LLC
90 State House Square
Hartford, CT 06103-3702


/s/ Rachel Reingold Mandel
Rachel Reingold Mandel (ct26938)


8450912.2 (OGLETREE)