UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **STEVEN BONNELL,**<br><br>    Plaintiff,<br><br>    v.<br><br>**TITEFLEX CORPORATION ET AL,**<br><br>    Defendants. | CIVIL ACTION NO:  3:10-cv-00348 (VLB)<br><br><br><br><br><br>June 8, 2010 |

**RULE 26(f) (1) REPORT OF THE PARTIES' PLANNING MEETING**

Date Complaint Filed:         March 9, 2010

Date Complaint Served:        March 10, 2010

Date of Defendants' Appearance:   April 2, 2010

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on May 26, 2010. The participants were: Daniel Schwartz for Plaintiff Steven Bonnell and Rachel Reingold Mandel for Defendants Titeflex Corporation, Flexible Technologies Severance Pay Plan, Smiths Group America LLC, Smiths Group North America Inc., Smiths Group North America, Inc. Severance Pay Plan, Flexible Technologies, Inc., and Titeflex Corporation Severance Pay Policy.

**I.     CERTIFICATION**

1

**Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.**

II      JURISDICTION

Subject Matter Jurisdiction: The plaintiff brings this action against his former employer under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Jurisdiction is conferred by 28 U.S.C. Section 1331. Supplemental jurisdiction is conferred by 28 U.S.C. Section 1367.

Personal Jurisdiction: The defendants do not contest personal jurisdiction.

III. BRIEF DESCRIPTION OF CASE

A.      Claims of Plaintiff:

The Plaintiff, Steven Bonnell, brings this case against his former employer, Titeflex Corporation, and related entities, alleging that he was

2

wrongly denied severance payments under various severance pay plans and policies. He has alleged that he has exhausted his administrative remedies under the various plans by making formal claims as required by the plans, and by pursuing the applicable appellate review procedures.

In his four-count Complaint, Plaintiff has alleged that he suffered economic harm and is entitled to damages under ERISA (Count I), that the Defendants failed to provide him with documents as required by ERISA (Count II), that he has been injured by broken promises made by the Defendants (Count III), and that he relied on the Defendants' representations to his detriment, amounting to negligent misrepresentation by the Defendants (Count IV).

### B. Claims of Defendants:

Defendants deny that Plaintiff's claims relate to any vested benefits under the terms of any employee welfare benefit plan as defined by § 3(1) of ERISA. Defendants further deny that Plaintiff is or was a participant in any employee benefit plan sponsored or maintained by Defendants Flexible Technologies Inc., Smiths Group North America, Inc., or Smiths Group Americas LLC, including but not limited to any welfare benefit plan providing severance benefits. Defendants further deny that Plaintiff was denied any benefit(s) for which he was, or may

3

become, eligible under any employee benefit plan sponsored or maintained by the Defendants. Defendants deny that Plaintiff is entitled to damages from any of the Defendants with respect to his claims under state law, including but not limited to his claims of promissory estoppel and/or negligent misrepresentation.

### C. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties have determined that until fact discovery has been conducted, it is premature to agree on undisputed material facts.

## IV. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). In the event of a conference, the parties prefer a conference by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The likelihood of settlement may be enhanced by use of an early settlement conference.

2. The parties do request an early settlement conference.

3. If a settlement conference is held, the parties prefer a settlement conference with a Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D. Joinder of the Parties and Amendment of Pleadings

1. Plaintiff does not anticipate needing to file a motion(s) to join additional parties, but to the extent that it learns additional information through discovery, he would like to reserve the right to join additional parties for good cause shown.

2. Defendants do not anticipate needing to file a motion(s) to join additional parties, but to the extent that they learn additional information through discovery, they would like to reserve the right to join additional parties for good cause shown. Defendants answered the Complaint on May 5, 2010.

**E.     Pre-Discovery Disclosures**

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) within fourteen days from the filing of this Report.

**F.     Discovery**

1. To the extent that Defendants' position is that Plaintiff's Complaint is limited to a claim under an ERISA-governed plan, and that Plaintiff's state law

claims are thus preempted, Defendants' position is that the parties may only conduct discovery related to ERISA, including: (1) the administrative record; and (2) evidence related to the existence of a conflict of interest and the degree to which such a conflict of interest may have influenced the Plan Administrator's decision.

Plaintiff believes that discovery may not be so limited and should be broad enough to provide evidence that may show that the Plan Administrator's decision was "arbitrary or capricious." Moreover, to the extent that Plaintiff intends to pursue all claims in his Complaint, he may attempt to pursue discovery on the following subjects: (1) Plaintiff's employment with the defendant; (2) Plaintiff's claims regarding severance pay plans; (3) Plaintiff's allegations regarding representations or promises made by the Defendants; (4) Plaintiff's alleged damages; and (5) Defendants' defenses.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be

      commenced immediately upon the filing of this Report, and will be completed by January 9, 2011.

3. Discovery will not be conducted in phases.

4. All discovery will be completed as described in No. 2 above.

5. The parties anticipate that Plaintiff will require a total of approximately 5 depositions of fact witnesses and that the defendants will require a total of approximately 5 depositions of fact witnesses. The depositions will commence following the filing of this Report, and they will be completed by January 9, 2011.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff may call an expert witness at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2010. Depositions of any such experts will be completed

8

by January 9, 2011.

    8.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by September 30, 2010.

### G.  Dispositive Motions

The parties will file dispositive motions on or before March 9, 2011.

### H.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by forty-five (45) days from the end of discovery or ruling on dispositive motions whichever is later.

## V. TRIAL READINESS

The case will be ready for trial forty-five (45) days after the filing of the Joint Trial Memorandum.

9

**As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.**

|  |  |
|---|---|
|  | THE PLAINTIFF, Steven Bonnell |
| Date: June 8, 2010 | BY: _/s/ Daniel A. Schwartz__ |
|  | Daniel A. Schwartz (ct15823) |
|  | Pullman & Comley, LLC |
|  | 90 State House Square |
|  | Hartford, CT 06103-3702 |
|  | Tel. 860.424.4300 |
|  | Fax 860.424.4370 |
|  | Email: dschwartz@pullcom.com |
|  | THE DEFENDANTS, Titeflex Corp. et al |
| Date: June 8, 2010 | BY: _/s/ Rachel Reingold Mandel_ |
|  | Rachel Reingold Mandel (ct26938) |
|  | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
|  | One Boston Place |
|  | Suite 3220 |
|  | Boston, MA 02108-4403 |
|  | Tel. 617.994.5700 |

**Fax 617.994.5701**

**Email: rachel.mandel@odnss.com**

8696806.1 (OGLETREE)

**12**